UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID WAYNE BOWLAN, et al.,

　　　　　Plaintiffs,

　　v.

SHANNON TOWING, INC., et al.,

　　　　　Defendants.

No. C98-1383P (WLD)

ORDER GRANTING PLAINTIFFS' MOTION TO ENTER SUPPLEMENTAL JUDGMENT ON REMAND

This matter comes before the Court on Plaintiffs' motion to enter supplemental judgment on remand. (Dkt. No. 140). No opposition has been filed to this motion. Having reviewed the materials submitted by Plaintiffs and the balance of the record, the Court hereby GRANTS Plaintiffs' motion. Consistent with the Ninth Circuit's mandate in this matter, the Clerk is directed to enter a supplemental judgment for Plaintiffs' attorney's fees and costs on appeal. Plaintiffs may also recover post-judgment interest on this supplemental judgment under 28 U.S.C. § 1961, with post-judgment interest running from the dates of the Ninth Circuit's orders awarding fees and costs on appeal.

**Background**

This matter was tried without a jury before the Hon. William L. Dwyer in the fall of 2000. On December 11, 2000, Judge Dwyer entered a judgment in favor of Plaintiffs. On March 15, 2001, Judge Dwyer entered a supplemental judgment awarding Plaintiffs $2,500 in attorney's fees. Plaintiffs appealed the fee award to the Ninth Circuit. By order dated June 12, 2002, the Ninth Circuit increased the attorney's fee award from $2,500 to $5,250. See Bowlan v. Shannon Towing, Inc., 37

ORDER - 1

Fed. Appx. 869 (9th Cir. 2002). Consistent with the Ninth Circuit's mandate, this Court subsequently entered judgment for Plaintiffs for $5,250 in attorney's fees for the district court proceedings. (Dkt. 128).

After issuing its original mandate in June 2002, the Ninth Circuit also issued: (1) an order filed on April 22, 2003 that awarded Plaintiffs costs on appeal in the amount of $130.16 (Dkt. No. 126); and (2) an order filed on March 29, 2004 that awarded Plaintiffs $4,251 for attorney's fees on appeal (Dkt. No. 132). Both of these orders served to amend the original mandate issued by the Ninth Circuit. To date, the clerk of this Court has not entered a supplemental judgment reflecting the Ninth Circuit's awards of $130.16 in costs and $4,251 in attorney's fees on appeal.

Plaintiffs' initial counsel in this matter, attorney Paul King, has filed two previous motions seeking entry of a supplemental judgment. The initial motion was stricken because at the time the motion was filed, Mr. King was suspended from the practice of law before this Court. (Dkt. 135). The second motion was stricken for several reasons, including the failure of Mr. King to sign the motion and to provide proof of service. (Dkt. 139).

**Analysis**

Consistent with the Ninth Circuit's mandate, the Court grants Plaintiffs' request for entry of a supplemental judgment for $4,251 in attorney fees and $130.16 in costs on appeal. Under 28 U.S.C. § 1961, Plaintiffs may also recover post-judgment interest on this supplemental judgment. Under the circumstances of this case, post-judgment interest on the supplemental judgment should begin to run from the date that the Ninth Circuit issued its orders amending the original mandate in this matter. See,e.g., Perkins v. Standard Oil Co. of California, 487 F.2d 672, 676 (9th Cir. 1973) (holding that post-judgment interest on an award of attorney's fees on appeal begins to run on the date of the issuance of the mandate). Here, the Ninth Circuit's order awarding costs on appeal was issued on April 22, 2003, while the order awarding attorney's fees on appeal was issued on March 29, 2004.

ORDER - 2

Plaintiffs suggest that the supplemental judgment should set forth the amount of post-judgment interest owed through September 29, 2005. The Court sees no reason to set forth the amount of post-judgment interest due through that particular date, since the amount of interest due will continue to increase until the supplemental judgment is paid. If Plaintiffs seek to execute or enforce the supplemental judgment in the future, the amount of post-judgment interest due under 28 U.S.C. § 1961 may be calculated at that time.

### Conclusion

The clerk is directed to enter a supplemental judgment awarding Plaintiffs $4,251 in attorney's fees and $130.16 in costs on appeal. Post-judgment interest under 28 U.S.C. § 1961 on this supplemental judgment shall run from March 29, 2004 for the award of attorney's fees and from April 22, 2003 for the award of costs.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: November 22, 2005.

s/Marsha J. Pechman  
Marsha J. Pechman  
United States District Judge

ORDER - 3